IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| TINA M. PAVLIK, | ) |
| --- | --- |
| Plaintiff, | ) ) ) |
| vs. | ) ) Civil Action No. 2:18-cv-139 |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security,[1] | ) ) ) ) |
| Defendant. | ) ) ) |

AMBROSE, Senior District Judge

## OPINION
### and
## ORDER OF COURT

### SYNOPSIS

Pending before the Court are Cross-Motions for Summary Judgment. [ECF Nos. 8, 10]. Both parties have filed Briefs in Support of their Motions. [ECF Nos. 9, 11]. After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment and granting Defendant's Motion for Summary Judgment.

### I. BACKGROUND

Plaintiff has brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying her application for Disability Insurance Benefits ("DIB")

---

[1] Nancy A. Berryhill became the Acting Commissioner of Social Security on January 23, 2017, and is automatically substituted as the Defendant in this suit pursuant to Federal Rule of Civil Procedure 25(d).

under Title II of the Social Security Act ("Act"). On or about March 25, 2015, Plaintiff applied for DIB. [ECF No. 6-7 (Ex. 1D)]. In her application, she alleged that since February 3, 2015, she had been disabled due to blindness, stroke with memory loss, nerves/depression/anxiety, and disk in neck – bone spurs. [ECF No. 6-4 (Ex. 1A)]. Her date last insured is December 31, 2020. [ECF Nos. 6-2 at 11, 13].[2] The state agency denied her claims initially, and she requested an administrative hearing. [ECF No. 6-5 (Exs. 1B, 4B, 5B)]. Administrative Law Judge ("ALJ") Jeffrey P. La Vicka held a hearing on April 20, 2017, at which Plaintiff was represented by counsel. [ECF No. 6-3]. Plaintiff appeared at the hearing and testified on her own behalf. Id. A vocational expert also was present at the hearing and testified. Id. at 55-61. In a decision dated June 27, 2017, the ALJ found that jobs existed in significant numbers in the national economy that Plaintiff could perform and, therefore, that Plaintiff was not disabled under the Act. [ECF No. 6-2, at 11-23]. Plaintiff requested review of the ALJ's determination by the Appeals Council, and, on December 11, 2017, the Appeals Council denied Plaintiff's request for review. [ECF No. 6-2 at 1-3]. Having exhausted all of her administrative remedies, Plaintiff filed this action.

The parties have filed Cross-Motions for Summary Judgment. [ECF Nos. 8 & 10]. The issues are now ripe for my review.

## II. LEGAL ANALYSIS

### A. STANDARD OF REVIEW

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. Allen v. Bowen, 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such

---

[2] To receive DIB, Plaintiff must establish that she became disabled prior to December 31, 2020, the date on which her insured status expires, or "date last insured." 42 U.S.C. §§ 423(a)(1)(A), (c)(1)(B); 20 C.F.R. § 404.131(a).

relevant evidence as a reasonable mind might accept as adequate." Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. § 405(g); Dobrowolsky v. Califano, 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. Palmer v. Apfel, 995 F. Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. See 5 U.S.C. § 706.

To be eligible for social security benefits, the plaintiff must demonstrate that she cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. § 1382(a)(3)(A); Brewster v. Heckler, 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. § 404.1520. The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R. pt. 404, subpt. P, app. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent her from performing her past relevant work; and (5) if the claimant is incapable of performing her past relevant work, whether she can perform any other work which exists in the

national economy, in light of her age, education, work experience and residual functional capacity. 20 C.F.R. § 404.1520.  The claimant carries the initial burden of demonstrating by medical evidence that she is unable to return to her previous employment (steps 1-4).  Dobrowolsky, 606 F.2d at 406.  Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5).  Id.

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing.  Podedworny v. Harris, 745 F.2d 210, 221 (3d Cir. 1984).

**B.    WHETHER SUBSTANTIAL EVIDENCE SUPPORTS THE ALJ'S RFC FINDING**

Residual functional capacity ("RFC") refers to the most a claimant can still do despite her limitations.  20 C.F.R. § 404.1545(a).  The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of her own limitations.  Id.  Ultimately, the responsibility for determining a claimant's RFC rests with the ALJ.  20 C.F.R. §§ 404.1527(d); 404.1546; Chandler v. Comm'r of Soc. Sec., 667 F.3d 356, 361 (3d Cir. 2011).

Here, the ALJ found that Plaintiff had severe impairments, including history of stroke with left eye blindness; organic brain syndrome; diabetes mellitus; status post lumbar spine surgery with radiculitis; sacroiliitis; cervical spine stenosis; hypertension; affective disorder; anxiety; and history of substance abuse.  [ECF No. 6-2 at 13-14].  He then found that Plaintiff's impairments or combination of impairments did not meet or medically equal the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  Id. at 14-16.  The ALJ further found that Plaintiff had the RFC to perform light work with the following limitations: she must be allowed the opportunity to change between sitting and standing for up to two minutes at thirty-minute

4

intervals without going off task; entail no climbing of ladders, ropes, or scaffolds, kneeling, crouching, or crawling, and only occasional other postural movements (i.e. climbing ramps or stairs, balancing, or stooping); entail no repetitive rotation, flexion, or extension of the neck; avoid concentrated exposure to cold and heat, wetness and humidity, excessive noise, vibration, irritants (fumes, odors, dust, and poorly ventilated areas), and chemicals; avoid all exposure to unprotected heights, hazardous machinery, and commercial driving; be limited to occupations requiring vision in only one eye; be limited to simple, routine, and repetitive tasks requiring only simple decisions, with no fast-paced production requirements and few workplace changes; entail no interaction with the public and only occasional interaction with coworkers and supervisors. [ECF No. 6-2 at 16-21]. The ALJ ultimately concluded that considering Plaintiff's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform and, therefore, that Plaintiff was not disabled within the meaning of the Act. Id. at 22.

Plaintiff's sole argument on appeal is that the ALJ should have provided a RFC assessment for the period between February 3, 2015 and October 12, 2016 (the date of her lumbar surgery), and a separate RFC assessment for the period after the October 12, 2016 lumbar surgery because the ALJ found that Plaintiff's medical condition and functionality improved after her surgery. [ECF No. 9, at 9-12]. After careful review, I find that Plaintiff's argument is without merit.

In short, the record simply does not support Plaintiff's bald assertion that the ALJ's RFC findings reflected only his opinions of Plaintiff's functional capabilities *after* her lumbar surgery and the resulting improvement of her condition. Although the ALJ notes Plaintiff's improved condition in the course of his analysis, he likewise cites a plethora of pre-operative medical

records and other record evidence in support of his finding that Plaintiff could perform limited light work during the entire period at issue. For example, with respect to Plaintiff's spinal condition, the ALJ discussed her March 2015 x-rays and July 2, 2015 MRI of the lumbar spine, and noted that, although the tests showed slight L5-S1 retrolisthesis, mild lumbar lordosis straightening, mild L1-L2 through L5-S1 disc space narrowing with marginal spurs, and left-sided foraminal disc herniation at L4-5, an August 2015 examination showed Plaintiff had a 4/5 strength in the left iliopsoas and quads, her gait was reciprocal and symmetric, and she had intact sensation. [ECF No. 6-2, at 17 (citing Exs. 5F, 8F)]. The ALJ further noted that well prior to her surgery, Plaintiff underwent L4-L5 transforaminal epidural steroid injections, after which she reported fifty percent improvement. Upon examination after the injections, she had four out of five strength and discomfort with palpation, but her sensation was intact and her gait was again reciprocal and symmetric. See ECF No. 6-2 at 17-18 & Exs. 8F, 11F, 15F. After describing these pre-surgical records, the ALJ noted that they did not support a totally disabling spinal condition. [ECF No. 6-2 at 17-18]. Similarly, the ALJ analyzed the medical evidence related to Plaintiff's neck pain in 2015 and early-2016 and concluded that "[w]hile these objective findings support a reduction in the claimant's [RFC], they do not support a totally disabling spinal condition." Id. at 18 (citing Exs. 13F, 15F).

Other overall evidence that the ALJ considered in support of his finding that Plaintiff was not as limited as she claimed during *the entirety of* the disability period includes Plaintiff's self-reported activities of daily living, such as having no problem taking care of her personal care; watching television; sitting on the porch; planting flowers; driving; going out alone; shopping; preparing meals; cleaning; dusting; running the vacuum; cleaning the bathroom; babysitting her grandchildren; traveling; and going out with her boyfriend. [ECF No. 6-2 at 19-20 (citing Ex. 4E

and testimony)]. After listing these self-reported activities, the ALJ concluded that, while Plaintiff "alleged difficulties with some activities, her activities of daily living do not preclude the limitations set forth in the [RFC]." Id. at 20. The ALJ noted that these self-described activities were "not consistent with a totally disabled individual." Id. Furthermore, the ALJ observed that Plaintiff's work history also undermined her allegations. Id. Specifically, the ALJ noted that, while not reflective of substantial gainful activity, Plaintiff's earnings records show that she worked after her alleged onset date. In addition, Plaintiff collected unemployment in the second and third quarters of 2015, indicating that she was ready, willing, and able to work. Id. Citing this evidence, the ALJ stated that "[o]verall, [Plaintiff's] work history raises some questions as to whether the current unemployment is due to her medical conditions." Id.[3]

Together, this evidence shows that the ALJ did not, as Plaintiff urges, base his non-disability finding and/or RFC determination solely on Plaintiff's post-operative improvement. Rather, the ALJ clearly considered all of the record evidence cumulatively and concluded that, overall, Plaintiff's treatment history, daily activities, work history, and collection of unemployment detracted from the severity of her subjective allegations and were not indicative of *any* intractable condition that would preclude her from performing light work activity for twelve consecutive months during the entire applicable period. Id. at 20.[4]

---

[3] The ALJ's treatment of state agency medical consultant, Dilip Kar, M.D.'s April 29, 2015, physical RFC assessment also demonstrates that he did not base his RFC finding solely on Plaintiff's post-operative improvement. The ALJ only gave Dr. Kar's opinion some weight because the evidence at the hearing level showed that Plaintiff was "more limited" than Dr. Kar determined. Id. at 20-21 (citing Ex. 1A). The ALJ explained that, "[i]ndeed, the longitudinal medical evidence of record shows that, since the time Dr. Kar completed his physical residual functional capacity assessment, the claimant underwent spine surgery, additional injections, and additional diagnostic testing that would support *greater* functional limitations, which the undersigned *has accommodated* in the above residual functional capacity." Id. (emphasis added).

[4] Defendant points out in her brief that "medical improvement" as used in the social security regulations is a term of art that refers to "any decrease in the medical severity" of a claimant's impairment "which was

7

In sum, I find that the ALJ properly evaluated the evidence and determined Plaintiff's RFC in accordance with applicable social security law and regulations. In so doing, he did not discount Plaintiff's symptoms entirely and included numerous restrictions in his RFC finding related to Plaintiff's credibly-established spinal and other physical impairments.[5] The ALJ's RFC generously accounted for the limitations established by the evidence of record, and his findings are supported by substantial evidence. Accordingly, I find that the ALJ did not err in formulating Plaintiff's RFC, and there is no basis for remand on this issue.

### III. **CONCLUSION**

For all of the foregoing reasons, Defendant's Motion for Summary Judgment is granted and Plaintiff's Motion for Summary Judgment is denied. An appropriate Order follows.

---

present at the time of the most recent favorable medical decision that" the claimant was "disabled or continued to be disabled." 20 C.F.R. § 404.1594. These regulations require the social security administration to periodically review awards of disability benefits to determine whether there has been medical improvement that is related to the claimant's ability to work. See id. Although Plaintiff does not cite this specific regulation in her brief, I agree with Defendant that, to the extent she uses the term "medical improvement" within the meaning of this regulatory scheme, her argument is misplaced. As Defendant and the regulation note, "medical improvement" in this context refers only to the determination of whether a previously found disability continues or ends. See id. Because this is not a case involving review of a prior disability finding, the regulation simply does not apply. Moreover, and in any event, as set forth above, the ALJ here never found that Plaintiff's ability to work stemmed solely from improvements in her condition post-surgery. To the contrary, the ALJ cited substantial pre- and post-surgical evidence that showed Plaintiff retained the ability to work within the parameters of his RFC finding during the entirety of the alleged disability period. Plaintiff's argument that the ALJ erred in not performing two separate disability analyses is groundless.

[5] Plaintiff does not challenge the ALJ's review of her mental impairments, and, therefore, I do not consider them here.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TINA M. PAVLIK,

    Plaintiff,

vs.

NANCY A. BERRYHILL, Acting Commissioner of Social Security,[1]

    Defendant.

Civil Action No. 2:18-cv-139

AMBROSE, Senior District Judge

## ORDER OF COURT

AND NOW, this 13th day of March, 2019, after careful consideration of the submissions of the parties and for the reasons set forth in the Opinion accompanying this Order, it is ordered that the decision of the ALJ is affirmed and Plaintiff's Motion for Summary Judgment [ECF No. 8] is DENIED and Defendant's Motion for Summary Judgment [ECF No. 10] is GRANTED.

BY THE COURT:

/s/ Donetta W. Ambrose
Donetta W. Ambrose
U.S. Senior District Judge

---

[1] Nancy A. Berryhill became the Acting Commissioner of Social Security on January 23, 2017, and is automatically substituted as the Defendant in this suit pursuant to Federal Rule of Civil Procedure 25(d).